UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA HOYT,<br><br>         Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY FIRE DISTRICT NO. 3,<br><br>         Defendant. | NO. 2:20-CV-0035-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 13). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 13) is granted.

## BACKGROUND

This case concerns Plaintiff's allegations that she was subjected to sex and age discrimination while employed as a firefighter by Defendant from 2014 until 2018. ECF No. 1 at 7-9. Plaintiff raises claims under Title VII of the Civil Rights

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1 Act and a series of state law causes of action.  ECF No. 1 at 7.  In the spring of

2 2019, Defendant received Notice of Charge of Discrimination from the EEOC

3 regarding Plaintiff's allegations.  ECF No. 13 at 2; *see* ECF No. 14 at 5-7.  On

4 September 19, 2019, the EEOC issued a Dismissal and Notice of Rights to

5 Plaintiff.  ECF No. 13 at 2; *see* ECF No. 14 at 9-10.  Plaintiff contends she

6 received the dismissal on September 23, 2020.  ECF No. 14 at 17.  On October 15,

7 2019, Plaintiff sent a letter to the Fire District Commissioners, stating in part that

8 "[w]ith the EEOC discharging my claim, I am now free to file a lawsuit within 90

9 days."  *Id.*; ECF No. 15 at 7.  On December 30, 2019, Plaintiff filed a Complaint in

10 Spokane County Superior Court.  ECF No. 1 at 7-9.  On January 21, 2020,

11 Defendant removed the case to federal court.  ECF No. 1 at 1-4.

## DISCUSSION

13 Defendant seeks to dismiss Plaintiff's Title VII claim for failure to timely

14 file her claim and to dismiss Plaintiff's state law claims for failure to file the

15 requisite state tort claim notice prior to bringing suit.  ECF No. 13 at 1-2.

16 Defendant's motion does not identify the authority by which it seeks dismissal, but

17 the substance of Defendant's argument indicates it is a motion to dismiss for

18 failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

19 A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the

20 plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To

withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Title VII claim is subject to a mandatory claim-processing procedure. 42 U.S.C. § 2000e-5(f)(1); *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). A Title VII claimant may not bring a civil action until the EEOC issues notice of the right to sue, and thereafter the claimant must file the civil suit within 90 days of receipt of the EEOC's notice. 42 U.S.C. § 2000e-5(f)(1). Even accepting Plaintiff's representation that she did not receive her EEOC "right to sue" letter until September 23, 2019, Plaintiff's December 30, 2019 Complaint was untimely. Because Defendant properly raised this issue, Defendant is entitled to dismissal of Plaintiff's Title VII claim with prejudice. *Davis*, 139 S. Ct. at 1849.

As a separate matter, Washington law prohibits the filing of civil tort suits against local government entities and their agents until 60 days after the claimant has filed a notice of tort claim with the appropriate designee. RCW 4.96.020(4). Although this statute is liberally construed, it requires claims for damages to be presented on the standard tort claim form or an alternative form created by the local government entity. RCW 4.96.020(3), (5). The tort claim must contain, among other information, a description of the injury, a list of the names of all

persons involved, and a statement of the amount of damages claimed. RCW 4.96.020(3). Plaintiff did not file a notice of tort claim regarding her state law claims. ECF No. 14 at 2, ¶ 7. Even if Plaintiff's October 2019 letter were evaluated for substantial compliance with the tort claim notice requirement, it still does not contain much of the information required by statute. ECF No. 15 at 7. Because Plaintiff has not yet complied with state law requirements for submitting a notice of tort claim, Defendant is entitled to dismissal of Plaintiff's state law claims without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**. Plaintiff's Title VII claim is dismissed with prejudice. Plaintiff's remaining state law claims are dismissed without prejudice.

2. The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

3. The deadlines, hearings and trial dates are **VACATED.** Each party to bear its own costs and expenses.

**DATED** July 24, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4